(No. 3798— )

THOMAS N. SKINNER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

MARK O. ROBERTS, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed May 17, 1943.

Claimant alleges that he was employed by the State of Illinois as custodian at Camp Lincoln, Springfield, Illinois, from July 1, 1939, to October, 1940. That he was entitled to receive as compensation for such services the sum of $150.00 per month in accordance with an appropriation for said office by virtue of House Bill No. 254 approved July 1, 1939. Claimant further alleges that he received only the sum of $125.00 per month which payment was protested and that claimant made demand upon the respondent for additional payment but received no payment on account of such claim. Claimant seeks an award in the sum of $400.00 being the difference between the amount appropriated for this position and the amount received by claimant.

The record consists of the complaint, motion to dismiss by respondent and statement, brief and argument on behalf of claimant and respondent.

Respondent contends that the claim should be dismissed for the reason that if claimant was legally entitled to recover he had a remedy in the courts of general jurisdiction.

Claimant had a right to receive the full sum appropriated for the position which he held. Adequate remedies existed in courts of general jurisdiction for the enforcement of this right. Claimant chose to remain in the position, accept and cash the vouchers issued to him and took no action for the enforcement of his rights.

We have consistently held that the Court of Claims does not have jurisdiction to entertain a claim where a full remedy exists or existed in a court of general jurisdiction. The Court of Claims was created to provide a remedy to persons where no other adequate remedy existed. Claimant having failed to pursue his proper remedy he cannot now maintain his claim here. The motion of the Attorney General to dismiss this claim must be allowed.

Having concluded that we are without jurisdiction in this claim it becomes unnecessary to discuss other points raised by respective counsel.

The motion to dismiss is allowed and the claim dismissed.